The judgment of the court was pronounced by
Preston, J.
This is a suit for the rescission of the sale of a slave, on the ground that he was in the habit of running away when sold. The plaintiff' alleges that this vice of character manifested itself by the slave’s running away within three days after his delivery to the purchaser ; and contends, that this fact affords a legal presumption of the existence of the vice at the time of the sale, and which presumption cannot be rebutted by parol evidence, because it is a presumption of law.
The plaintiff’s counsel has addressed to ns a very able argument to show that the presumplion invoked applies to the vices and character in slaves, and we would possibly yield to his opinion if it were an open question. But the most *560 distinguished of our predecessors have, in two cases, come to a different conclusion, and based their opinions upon those of our earliest commentators on the laws of redhibition. 6 L. R. 288. 2 L. R. 254, 410. In the interpretation of a law, it is a wise rule, “ stare decisis,” and we are obliged to adopt it in this case.
We are, moreover, unable to concur with the counsel in the position that the legal presumption on which he relies cannot be rebutted by proof. This principle extends to those legal presumptions only which annul certain acts or refuse a judicial action. Code, art. 2266. Other legal presumptions may be controverted by testimony.
None of plaintiff’s witnesses show that the slave was a runaway before the sale. Some of them prove that he was a good slave and not a runaway. The defendant has introduced several witnesses who give him the same character. The case is, therefore, clearly with the defendant. C. C. 2508.
Besides, it is well settled, that to maintain an action of redhibition, the slave must be tendered back, unless the tender be excused for sufficient reasons. The plaintiff offers as his excuse, that the slave was killed while a runaway, in attempting to make his escape. We cannot admit this excuse without explanations, which the record does not afford.
The judgment of the district court is affirmed, with costs.